UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:

JASON A. THALHUBER

Debtors

22-41783
Chapter 13

---

NOTICE OF PRE-CONFIRMATION CHAPTER 13
MODIFICATION OF PLAN

---

To: Gregory Burrell, Chapter 13 Trustee, and all parties in interest:

    PLEASE TAKE NOTICE THAT on December 15, 2022, at 10:30 A.M., before the Honorable Katherine A. Constantine, United States Bankruptcy Court, Courtroom 8 West, 300 S. 4th Street, 55415, the Court will hold a hearing on the proposed modified plan of the above-named debtors. A copy of the modified plan is attached.

Dated: 11/22/2022

Barbara J. May
Barbara J. May
1915 Hwy 36W
Suite 103
Roseville, MN 55113
651-486-8887
Attorney ID 129689

Local Form 3015-1 (1/22)  Form amendments, effective 1/1/2022

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# MINNEAPOLIS DIVISION

In re: **JASON A. THALHUBER**  Case No. **22-41783.**

CHAPTER 13 PLAN ☒ Modified

Debtor.  Dated: **10/11/2022**

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☒ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee _____**$0.00**_____.
2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | | End MM/YYYY | | Total |
|---|---|---|---|---|---|
| $600.00 | Month 1 | 11/22 | Month 8 | 6/23 | $4,800.00 |
| $5,600.00 | Month 9 | 7/23 | Month 9 | 7/23 | $5,600.00 |
| $600.00 | Month 10 | 8/23 | Month 60 | 10/27 | $30,600.00 |
| | | | TOTAL | | $41,000.00 |

2.3 The minimum plan length is ☐ 36 months **or** ☒ 60 months
from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee

2.5 The debtor will pay the trustee a total of _____**$41,000.00**_____ [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:**
Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or _____**$4,100.00**_____ [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| | | |

**Part 5. CLAIMS NOT IN DEFAULT:**
Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

|     | Creditor | Description of property |
|-----|----------|------------------------|
| 5.1 | **DISCOVER HOME LOANS** | **HOME** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**
The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|     | Creditor | Amount of default | Monthly payment | Begin-ning in mo./yr. | # of pmts. | Remaining Payments | + amt. paid to date by Trustee (mod plan only) | Total payments |
|-----|----------|-------------------|-----------------|----------------------|------------|--------------------|-----------------------------------------------|----------------|
| 6.1 | **PHH MORTGAGE** | $5,000.00 | Pro-Rata | Pro-Rata | Pro-Rata | Pro-Rata | $0.00 | $5,000.00 |
|     |          |                   |                 |                      |            |         TOTAL:     |                                               | **$5,000.00**  |

**Part 7. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND § 1322(e)):**
The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Int. rate (if any) | Begin-ning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|----------|-------------------|--------------------|----------------------|-----------------|------------|--------------------|-----------------------------------------------|------------------|
|          |                   |                    |                      |                 |            |                    |                                               |                  |
|          |                   |                    |                      |                 |            | TOTAL:             |                                               | **$0.00**        |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):**
The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor / Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (check) | Begin-ning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|------------------------------|----------------------|-----------|-------------------|----------------------|-----------------|------------|--------------------|-----------------------------------------------|------------------|
|                              |                      |           |                   |                      |                 |            |                    |                                               |                  |
|                              |                      |           |                   |                      |                 |            | TOTAL:             |                                               | **$0.00**        |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):**

The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (check) | Beginning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | TOTAL: | **$0.00** |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):**

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | **Barbara J. May Attorney at Law** | | | | | | | |
| | | $3,000.00 | Pro-Rata | Pro-Rata | Pro-Rata | Pro-Rata | $0.00 | $3,000.00 |
| 10.2 | **INTERNAL REVENUE SERVICE** | | | | | | | |
| | | $3,300.00 | Pro-Rata | Pro-Rata | Pro-Rata | Pro-Rata | $0.00 | $3,300.00 |
| 10.3 | **INTERNAL REVENUE SERVICE** | | | | | | | |
| | | $10,000.00 | Pro-Rata | Pro-Rata | Pro-Rata | Pro-Rata | $0.00 | $10,000.00 |
| | | | | | | | TOTAL: | **$16,300.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:**

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|
| | | | | | | TOTAL: | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:**

In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| Creditor | Unsecured claim amount | Int. rate (if any) | Begin- ning in mo./yr. | Monthly payment | # of pmts. | Remaining payments | + amt. paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

|  |  |
|---|---|
|  | TOTAL: **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS:**

The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately      **$15,600.00**       [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are _____**$0.00**____.
13.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are _____**$167,057.11**.
13.3   Total estimated unsecured claims are _____**$167,057.11**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:**

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**

The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
|  |  |  |

**Part 16. NONSTANDARD PROVISIONS:**

The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | **1305 claims**<br>**Pursuant to 11 USC Section 1305, a proof of claim may be filed by the IRS for taxes that become payable while the case is pending. The trustee shall only pay 11 USC section 1305 claims attributable to the taxable year in which the case concerning the debtor was filed, and only to the extent funds are available.** |
|---|---|
| 16.2 | **Bonuses and Tax Refunds**<br>**Employment Bonuses: The debtor(s) shall provide the trustee with copies of any pay stubs that reflect a bonus. The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of her federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Individual debtors shall be entitled to retain the first $1,200 of refunds and married couple shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**<br><br>**Debtors shall turn over to the trustee any net bonuses within 10 days of the debtor's receipt of the same** |

| | |
|---|---|
| 16.3 | **CASH PAYMENT**<br>**DEBTOR WILL PAY $5000 INTO THE PLAN AS AN ADDITIONAL PLAN WITHIN 90 DAYS OF CONFIRMATION** |
| 16.4 | **TAX REFUND**<br>**DEBTOR SURRENDERS HIS PENDING $3000 REFUND TO THE IRS TO BE APPLIED TO ANY DEBT HE MAY OWE.** |
| 16.5 | **PHH**<br>**ALL ONGOING PAYMENTS MAY BE MADE DIRECTLY CODEBTOR KARI THALHUBER** |
| 16.6 | **DISCOVER HOME LOAN**<br>**ALL ONGOING PAYMENTS MAY BE MADE DIRECTLY BY CODEBTOR KARI THALHUBER** |

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | **$4,100.00** |
| Home mortgages in default [Part 6] | **$5,000.00** |
| Claims in default [Part 7] | **$0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | **$0.00** |
| Secured claims excluded from § 506 [Part 9] | **$0.00** |
| Priority claims [Part 10] | **$16,300.00** |
| Domestic support obligation claims [Part 11] | **$0.00** |
| Separate classes of unsecured claims [Part 12] | **$0.00** |
| Timely filed unsecured claims [Part 13] | **$15,600.00** |
| TOTAL (must equal line 2.5) | **$41,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:

/s/ BARBARA J MAY

Attorney for debtor

Signed:

/s/ JASON A. THALHUBER

Debtor 1

Signed:

Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

In re:                                       §    Case No. 22-41783
    JASON A. THALHUBER          §
                                             §
                                             §
    Debtor(s).                   §

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☒ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☒ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1    The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2    The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3    **[Individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4    I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5    My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6    **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 11/22/2022

X _/s/ Jason A Thalhuber (Nov 22, 2022 13:02 CST)_        X _____

Signature of Debtor 1 or Authorized      Signature of Debtor 2
Representative

JASON A. THALHUBER
Printed name of Debtor 1 or Authorized    Printed Name of Debtor 2
Represnative

| STATE OF MINNESOTA | ) | |
|---|---|---|
| | ) SS | Case No.: BKY 22-41783. |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 22d day of November, 2022, she served via US Mail,

the Modified plan and amended C on:

U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South Fifth Street, Suite 480
Minneapolis, MN  55402

All creditors on attached matrix

   /e/ Barbara J. May

Barbara J. May

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-4<br>Case 22-41783<br>District of Minnesota<br>Minneapolis<br>Tue Nov 22 11:00:40 CST 2022 | Discover Bank<br>Wilford Geske & Cook, P.A.<br>7616 Currell Blvd<br>Suite 200<br>Woodbury, MN 55125-2296 | MSR Asset Vehicle LLC<br>ATTN: Bankruptcy Department, PO Box 2460<br>West Palm Beach, FL 33416 |
| Minneapolis<br>301 Diana E. Murphy U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 | ASSOC HEALTH CARE VISA<br>PO BOX 660493<br>DALLAD, TEXAS 75266-0493 | Barbara J. May Attorney at Law<br>1915 HWY 36 W<br>Suite 3<br>Roseville, MN 55113-2709 |
| CITI<br>PO BOX 15687<br>WILMINGTON, DE 19850 | CREDITOR ADVOCATES, INC<br>1551 SOUTHCROSS DR W<br>SUITE C<br>BURNSVILLE, MN 55306-6938 | DISCOVER<br>PO BOX 6103<br>CAROL STREAM, IL 60197-6103 |
| DISCOVER HOME LOANS<br>PO 0054<br>PALATINE, IL 60078-0054 | ENTIRA FAMILY CLINIC<br>2025 Sloan Place<br>SUITE 35<br>ST PAUL, MN 55117-2092 | FORBES DENTAL CARE<br>4001 NE Stinson Blvd # 426<br>MPLS, MN 55421-3429 |
| INTERNAL REVENUE SERVICE<br>INSOLVENCY SECTION<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | KARI THALHUBER<br>11758 HUPP ST NE<br>BLAINE, MN 55449-7063 | MIDWEST ENT SPECIALISTS<br>PO BOX 1150 M & I 73<br>MPLS, MN 55480-1150 |
| MIDWEST SURGERY CENTER<br>2080 WOODWINDS DRIVE, STE 110<br>WOODBURY, MN 55125-2524 | MSR Asset Vehicle LLC<br>c/o PHH Mortgage Corporation<br>Attn: Bankruptcy Department<br>PO Box 24605<br>West Palm Beach, FL 33416-4605 | NYSTROM AND ASSOCIATES<br>1900 Silver Lake Rd NW #110,<br>NEW BRIGHTON, MN 55112-1789 |
| PHH MORTGAGE<br>4001 LEADENHALL RD<br>MT LAUREL, NJ 08054-4611 | SHOREVIEW MENTAL HEALTH CENTER<br>5985 Rice Creek Pkwy #201<br>SHOREVIEW, MN 55126-5037 | SoFi Lending Corp Personal Loans<br>PO Box 654158<br>Dallas, TX 75265-4158 |
| Sofi Funding Pl Xv Llc (Us Bank Pl)<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | TARGET<br>PO BOX 9745<br>MPLS, MN 55440-6666 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 |
| VILLAGE ORTHODONTIST<br>850 County Rd D West<br>NEW BRIGHTON, MN 55112-7570 | WELLS FARGO VISA<br>ATTN BKY MAILSTOP 4286<br>7000 VISTA DR<br>W DES MOINES, IA 50266-9310 | WELLS FARGO VISA<br>PO BOX 10347<br>DES MOINES, IA 50306-0347 |
| WISDOM PSYCHIATRIC<br>2704 Mounds View Blvd Suite 12<br>MOUNDS VIEW, MN 55112-4366 | Wells Fargo Bank, N.A.<br>435 Ford Road, Suite 300<br>St Louis Park, MN 55426-4938 | Barbara J May<br>Barbara J. May Law Firm<br>1915 Highway 36 West<br>Suite 103<br>Roseville, MN 55113-2709 |

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

JASON A. THALHUBER
1295 STUART STREET
WHITE BEAR LAKE, MN 55110-2226

End of Label Matrix
Mailable recipients    31
Bypassed recipients     0
Total                  31